| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

JAWAID AHMED PARKER, §
474643, §
　　　　　　　　　　　　　　　　§
　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
versus §　　　CIVIL ACTION H-06-3836
　　　　　　　　　　　　　　　　§
TOMMY GAGE, et al., §
　　　　　　　　　　　　　　　　§
　　　Defendants. §

# Opinion on Dismissal

　　　Jawaid Ahmed Parker filed a complaint for civil rights violations. 42 U.S.C. § 1983. He is proceeding as a pauper. 28 U.S.C. § 1915. Parker was held in the Montgomery County Jail when he filed this complaint—he is now in state prison. Parker sues Judge Suzanne Stovall, Montgomery County District Attorney Michael A. McDougal, Montgomery County Sheriff Tommy Gage and Sheriff's employees Captain Green, Sgt. Quertermous, and Deputy Jorden.

1.　*Claims*

　　　The Sheriff denied Parker access to the courts by failing to provide an adequate law library and staff trained in court issues. Jorden, Green, and Quetermous denied Parker access to the courts by not allowing sufficient law library time, although Jorden helped Parker by copying legal papers. Judge Stovall and DA McDougal denied Parker access to the courts when they ignored his motion for access to the courts. The Defendants conspired to hinder Parker's access to the courts.

　　　Parker was working on a federal habeas corpus petition when he was in the jail. *See Parker v. Hamm*, H-06-cv-2231 (S.D. Tex.). Parker filed a motion in a state court case asking for more law library time, which the court denied. Parker was denied access to the courts in a section 1983 case to be filed in federal court. He says the defendants may argue the statute of limitations in this future 1983 complaint.

　　　In a state habeas corpus petition, Parker was unable to file proper pleadings. The state court denied an evidentiary hearing although justice clearly required a hearing based on the perjury and deception in the affidavits filed in the case. The state judge's fact

findings were arbitrary. The procedure used to decide the case was inadequate "to a full and fair hearing." Parker could not raise material facts because the state court denied a hearing. Parker also says he was denied access to the courts in an unspecified civil suit to be filed in state district court, although he may be referring to his state habeas petition. Parker had problems pursuing a grievance against a lawyer with a state bar grievance committee.

Parker raises two claims that the Defendants retaliated against him for seeking access to the courts. Parker says McDougal moved Parker 800 miles to prosecute a bogus probation revocation against him after he sued in federal court under habeas corpus. This revocation resulted in Parker being housed in prison.

Parker's second retaliation claim concerns his requests for meaningful access to the law library. Jail officials became aggravated with Parker over these requests. Three days after Parker filed a grievance for denial of access to the courts, the shower temperature in the jail was reduced to lukewarm. This was bad because the cells are cold and jail inmates take showers to warm themselves. On November 20, 2006, Parker filed a grievance on his civil rights violations to which jail officials did not respond. However, the lights in Parker's cell block were lit 24 hours per day for ten days. Twice, jail personnel did not provide Parker unspecified necessities. After Parker filed this complaint, mailroom personnel did not deliver or forward correspondence from this court to Parker about this case. He says these actions were retaliatory because they occurred shortly after he put the officials in an undesirable situation.

Parker seeks compensatory, injunctive, and declaratory relief.

2.   *Access to the Courts*

Prisoners have a constitutional right of access to the courts under the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). A defendant violates the right of access to the courts only where a prisoner suffers actual harm in a particular lawsuit in which he is a party. *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

Parker's claim against Jorden, Green, and Quetermous that they gave him insufficient law library time, by itself, does not state a violation of the right of access to the courts. *Id*. Any problems Parker had in the past while in jail did not prejudice him in his federal petition. *Parker v. Hamm* is now pending. The record there does not show any harm to Parker in his prosecution of his habeas claims based on any problems with submitting papers

2

to this court or other problems while held in the jail. Parker has not shown a denial of access to the courts concerning his federal habeas corpus petition.

Parker's complaints about state court motions do not show a denial of access to the courts. His only specific allegations are that a state judge and a district attorney denied Parker access to the court when they refused or ignored his motions. These allegations affirmatively show Montgomery County Jail employees did not deny Parker access to the courts. That is because the intended recipients, the clerk and the court, received his legal papers; as shown by Plaintiff's claims that the judge ignored the papers or refused to provide relief. Parker had *access* to the court because the court received his papers. Parker's claim that he was denied access to the courts is futile because he does not show he was unable to submit his papers to the state court. *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Parker's claims about a future civil rights case in federal court are too speculative. His assertion that the defendants may argue the statute of limitations in this potential civil rights complaint does not show an actual injury, which is a necessary element of a claim of denial of access to the courts. *Lewis*, 518 U.S., at 349.

Parker's allegations that the state court denied an evidentiary hearing, issued arbitrary fact findings, and used inadequate proceedings, are complaints about the state court's rulings, not denial of access to the courts. Some of these complaints may affect a federal court habeas challenge. *See, e.g.*, 28 U.S.C. § 2254(d)(2). However, these claims do not show a denial of *access* to the state court. *Brewer*, 3 F.3d at 821. Furthermore, Parker could have simply mailed his written arguments, like he did with this court, without case citations from a law library.

An administrative body like a state bar grievance committee is not a court under the First Amendment's right of access to the courts. *See Bounds v*, 430 U.S. at 821-23; *Lewis v.*, 518 U.S. at 352. Parker's claims about state bar grievances do show a denial of access to the *courts*.

3.   *Retaliation*

To prevail on a retaliation claim, a plaintiff must show (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231

3

(5th Cir. 1998). A plaintiff must allege facts which show that "but for the retaliatory motive the complained of incident .... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Parker claims retaliation by the DA in prosecuting a probation revocation against him. Parker's allegations do not show that the DA had reason to retaliate against him. Moreover, his claims that the DA moved to revoke his probation for improper motives raises a due process concern. This claim implicates the validity of his revocation. It is barred until the revocation is overturned. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Furthermore, the judge and the prosecutor are immune from damages claims. *Stump v. Sparkman*, 435 U.S. 349 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity).

Concerning the jail defendants, Parker made many complaints over a long period of time. Parker essentially relies on the fact that adverse behavior occurred after the Defendants learned about his grievances and other complaints. This is insufficient to show retaliation. *Enlow v. Tishomingo County, Mississippi*, 45 F.2d 885, 889 (5th Cir. 1995). Parker's allegations do not show that a retaliatory intent motivated the Defendants' actions and he does not "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Many retaliatory actions he asserts were not directed toward him; these actions affected the entire jail or his cell block. Moreover, most or all of the claimed retaliatory acts are *de minimis*. "To establish a constitutional violation, an inmate must show that he suffered a qualifying adverse retaliatory act" which must be more than *de minimis*. *Morris v. Powell*, 449 F.3d 682, 684-685 (5th Cir. 2006); *cf. Parker v. Carpenter*, 978 F.2d 190, 192-93 (5th Cir. 1992) (a transfer to a more violent unit or more violent section of a prison, has been held to be a sufficiently adverse retaliatory act to support a retaliation claim). Parker's claim that he did not get unspecified necessities in retaliation for his complaints is too conclusory. *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980). Parker's claim that his jailors retaliated against him by hindering his access to this court by not forwarding mail is of no consequence. Parker has presented his claims and arguments here.

Parker's vague conspiracy allegations against the Defendants do not warrant the granting of relief. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Parker does not

4

allege facts showing that the defendants agreed to commit an illegal act. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir 1982).

3.   *Conclusion*

Parker has not shown a denial of access to the courts, retaliation, or a conspiracy. Parker fails to state a claim recognized at law. This case will be dismissed.

The Clerk will send a copy to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793 by facsimile transmission, regular mail, or e-mail; and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas  75702, Attention: Three-Strikes List, by regular mail or e-mail.

Signed June 20, 2007, at Houston, Texas.

_____
Lynn N. Hughes   USDJ
United States District Judge